## SUPREME COURT.

DAVID D. ACKER *et al.*, respondents, agt. JAC B HAUTEMAN, impleaded, &c., appellant.

*Action to recover a chattel — Time when court acquires jurisdiction — Arrest — irregularity which will not justify the setting aside of the order — Code of Civil Procedure, sections 416, 1693.*

When an action is commenced to recover a chattel, the court acquires jurisdiction of the case and has control of all the subsequent proceedings, so that the arrest of a defendant without the service of any summons is not such an irregularity as will justify the setting aside of the service of the order of arrest.

*First Department, General Term, April,* 1882.

*Before* DAVIS, *Ch. J.,* BRADY *and* INGALLS, *JJ.*

Acker *et al.* agt. Hauteman.

An action was commenced against the defendants to recover a chattel. Subsequently an order of arrest was obtained, and the defendant Hauteman, was arrested. At the time of the arrest, the sheriff served copies of all the papers excepting the summons. For this omission the defendant Hauteman moved to vacate the arrest, claiming that as to him the court had not acquired jurisdiction. The motion was denied and the defendant appealed.

*Geo. W. Gallinger*, for appellant.

*D. D. Acker*, for respondents.

Per Curiam. — The error of the sheriff in not delivering the summons with the other papers, was not fatal to the jurisdiction of the court. That jurisdiction is preserved by section 1693 of the Code, when read in connection with section 416. The action was brought to recover possession of personal property, and the effect of the neglect of the sheriff to make service of the summons was, that the chattels were replevied before the service of the summons. The seizure, therefore, must be deemed as equivalent to the granting of a provisional remedy for the purpose of giving jurisdiction to the court and enabling it to control the subsequent proceedings in the action and as equivalent to the commencement of the action for the purpose of determining whether or not the plaintiff had a right to maintain the action or the defendant is liable thereto.

Section 416 provides that from the time of granting a provisional remedy the court acquires jurisdiction of the case and has control of all the subsequent proceedings.

The summons in this case was afterwards served by the sheriff and the defect was thereby cured ; it had previously been served on the other defendant.

We see no reason to doubt that the provisions of the sections quoted, uphold the ruling of the court below.

The order should be affirmed.